## Dawson's. Registration.

*Election law—Registration by voter—Residence—Intention.*

1. Residence for voting is a question of fact and intention, and not of intention alone; it is to be determined by the facts and circumstances in each particular case.

2. Where a person has removed from a county with an expressed intention to take up his residence in another county, and actually takes up such residence, he cannot thereafter be registered in the first county on the mere averment that he had never intended to remove his residence, and that his intention had always been to vote at his former residence, although he had not actually removed his family back to it.

3. The courts have no right to interfere with or usurp the functions of the assessor, if properly performed.

Petition of W. S. Dawson for rule on registrar to show cause why his name should not be placed on the list of voters for Precinct No. 2, in Jefferson Township. C. P. Greene Co., Sept. T., 1926, No. 10, Misc. Docket.

*Kyle & Reinhart*, for petitioner; *Waychoff & Waychoff*, for respondent.

SAYERS, P. J., Aug. 30, 1926.—This case came on to be heard on Aug. 30, 1926, at the time fixed in the rule, and testimony was taken on behalf of the petitioner and respondent, and the court finds:

1. That the petitioner, W. S. Dawson, is a citizen of the United States, having been born in Jefferson Township, Greene County, Pennsylvania, and resided therein all of his life, except from 1905 to 1910 or 1911, and up until the time he removed from the township on Sept. 19, 1925, as herein set forth.

2. That he resided in and was a citizen of voting Precinct No. 2, in Jefferson Township, Greene County, Pennsylvania; that he is fifty-eight years of age; that he owns real estate in the township and was assessed therein as the owner of real estate in 1925 and 1926 and for many years prior thereto; that he paid State and county tax to the Treasurer of Greene County on Aug. 24, 1925, which was assessed against him in the year 1925, and that he is also assessed in said township for the year 1926 as an owner of real estate.

3. That on Sept. 15, 1925, the petitioner, who then resided on his own land in said township and voting precinct, and made his home there with his wife, Jennie Dawson, declared to persons at the election that they would not be bothered with him at the next election, for he was moving out of the county, and he stated that he was seeking a tenant to occupy the house or his home from which he was about to remove. On Sept. 19, 1925, he and his wife removed, took all their furniture and household goods to the home of Joseph Horner, in East Bethlehem Township, Washington County, Pa., where they have since resided and where they actually reside at the present time, and the petitioner has no actual residence at this time in Precinct No. 2 of Jefferson Township, Greene County, Pa.

4. That the registration assessor, who is the respondent here, at the time he was making the registration for 1926, inquired at the former residence of petitioner in Precinct No. 2 of Jefferson Township and found the house occupied by a tenant who was renting by the month, with the privilege to extend his lease for a period of one year. He learned, and the court finds, that petitioner and his wife had removed all their household goods to Washington County and did not actually have any place of residence to which they could return or which they could physically occupy in said voting precinct from the time they left it on Sept. 19, 1925, down to the present time.

5. The petitioner testifies that he had no intention of residing in East Bethlehem Township, Washington County, that he refused to permit himself or his wife to be registered in East Bethlehem Township, and that they had

Dawson's Registration.

always intended, and do now intend, to vote in Precinct No. 2, Jefferson Township, Greene County, Pa., and he so informed the registration assessor, R. L. Denny, respondent here, on Aug. 4, 1926, and he and his wife made personal application to be registered as voters in said township.

6. The court finds as a fact from all the evidence in this case that the petitioner and his wife, Jennie Dawson, abandoned their residence in Precinct No. 2, Jefferson Township, Greene County, Pa., and removed therefrom to East Bethlehem Township, Washington County, with the intention at the time of giving up his residence in Greene County and acquiring residence and citizenship in East Bethlehem Township, Washington County, Pa.

7. Petitioner actually removed all of his household goods from his home in Greene County, did not reserve any room to which he could return, and neither he nor his wife have at present any actual residence within the election precinct at this time, and have no household goods in the building which they claim as a home or a residence, nor have they reserved any space or portion of said home in which to live.

8. When the registration assessor was making his rounds, he found that petitioner and his wife had left the district. He was aware of the fact that they had declared their intention of changing their residence, and inquiry of the tenants in the house where petitioner had formerly lived and in the neighborhood convinced the assessor that they had abandoned their residence and removed from Precinct No. 2, Jefferson Township, with the intention of living elsewhere and possibly of acquiring a residence for the purpose of voting in some other district. The registration assessor registered the tenants who were then occupying the house and entered their names in the registry list of voters as occupants of the same premises, and did not register the petitioner or his wife. The result of the register's careful and diligent inquiry was a conclusion on his part that the tenants who then occupied the house were bona fide residents of his district, and that the petitioner and his wife, who formerly occupied the same dwelling-house, had removed therefrom and had abandoned their residence, and that, consequently, they could not be registered as qualified electors and bona fide residents in' said district.

9. The court finds that the petitioner is a qualified elector in every respect except as to residence, and further finds that the petitioner left said election district on Sept. 19, 1925, with the intention and purpose of abandoning his residence therein for voting purposes. At the present time he has no home or place of actual residence in Precinct No. 2 of Jefferson Township, nor any place that the registration assessor could assign to him as a residence, and he is not at present a housekeeper in said district, has no occupation therein, no place of boarding or employer within said district.

### Law.

Residence, domicile and home are words which mean practically the same thing: Fry's Election Case, 71 Pa. 302, 309; Chase v. Miller, 41 Pa. 403-420. The statutory meaning of the word "residence" depends upon the context and purpose of the statute: Raymond v. Leishman, 243 Pa. 64. "The constitutional requirement of residence is not a thing obtained by anything but actual residence. A man who has a home, a place that he returns to when business and pleasure are ended, where he goes for his usual sleep and meals; in fact, a place that he lives in, cannot obtain a right to vote by renting a room, furnishing it, having some clothing in it and occasionally eating or sleeping in it in another election district. A man resides where, in ordinary language, his home is:" Com. v. Devine, 14 Dist. R. 1, 2.

Dawson's Registration.

Residence is a question of fact and intention, and not of intention alone. It is to be determined by the facts and circumstances in each particular case. The facts and circumstances in this case show that the petitioner abandoned his residence in Precinct No. 2, Jefferson Township, Greene County, with the intention of acquiring a residence for voting and other purposes in East Bethlehem Township, Washington County, and that he has not since that time reacquired an actual residence in Precinct No. 2 of Jefferson Township.

The court is of opinion that the register has performed his duty in this case, and is of the opinion, under the facts heretofore found, that petitioner was not entitled to be registered as a voter when he made application to the registration assessor of Precinct No. 2, Jefferson Township, and neither he nor his wife is entitled at the present time to be registered as qualified voters in said district.

In Rhinehart's Petition, 24 Dist. R. 822, the court well said: "The law is well settled that the courts have no right to interfere with or usurp the functions of the assessor, if properly performed. The only time when the courts may interfere is when the assessor shall commit a breach of his duties. Then the court may compel him to perform them."

### Order.

And now, Aug. 30, 1926, after hearing and considering the testimony in this case, and for the reasons given in the foregoing opinion, the rule is discharged, at the costs of the petitioner.

From S. M. Williamson, Waynesburg, Pa.